**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LOOKOUT MOUNTAIN WILD ANIMAL PARK, INC.,**

    **Plaintiff,**

v.                                                                              Case No.  8:09-cv-2301-T-30EAJ

**STEARNS ZOOLOGICAL RESCUE & REHAB CENTER, INC., KATHRYN P. STEARNS, KENNETH F. STEARNS, RANDALL E. STEARNS, and KRISTY D. TRUAX,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE came on for jury trial on Monday, April 16, 2012, and concluded on Friday, April 20, 2012.  The Court directed a verdict in favor of the individual Defendants on all claims, and in favor of the corporate Defendant on all claims except breach of contract.  Plaintiff was allowed to amend its breach of contract claim against the corporate Defendant by treating its rescission count as a request for specific performance for the return of the animals in lieu of monetary damages.  Based upon the jury's verdict, it is hereby

ORDERED as follows:

1. Plaintiff Lookout Mountain Wild Animal Park, Inc. is entitled to the return of the two (2) White-Handed Gibbons, together with all medical records for them in the possession of Defendant Stearns Zoological Rescue & Rehab Center, Inc.

2. The jury found these medical records to have a value of $500.00, but once the records are returned to Plaintiff, Defendant will be exonerated from this amount. Stearns Zoological Rescue & Rehab Center, Inc. shall deliver all medical records on the Gibbons to Plaintiff **within seven (7) days** of this Order.

3. Defendant Stearns Zoological Rescue & Rehab Center, Inc. is entitled to retain possession of all remaining animals and personal property received by it from Plaintiff.

4. This Court has previously entered its Order for the return of the Gibbons to Plaintiff, with the Gibbons to be held by Susan Williams until further Order of this Court. Plaintiff posted a $15,000 cash bond for actual possession of the Gibbons being delivered to Susan Williams as provided on the record from the bench at the conclusion of trial. The cash bond and the retained jurisdiction over the Gibbons is for the purpose of securing any monetary award for attorneys' fees to the Defendant for successfully defending the civil theft count.

5. The parties are given ten (10) days from the date of this Order within which to attempt to resolve the attorneys' fee issue, failing which Defendant Stearns Zoological Rescue & Rehab Center, Inc. shall file an appropriate motion with this Court. Any fee must be apportioned among the various counts and only the time occasioned by the civil theft count is recoverable.

6. This Court retains jurisdiction over the issue of attorneys' fees to resolve the attorneys' fee issue if necessary.

7. The Clerk is directed to close this case and terminate any other pending motions.

**DONE** and **ORDERED** in Tampa, Florida on April 25, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2301.final judgment.frm