**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LOOKOUT MOUNTAIN WILD
ANIMAL PARK, INC.,

     Plaintiff,

v.                                     CASE NO:  8:09-CV-02301-T-30TGW


STEARNS ZOOLOGICAL RESCUE
& REHAB CENTER, INC. d/b/a DADE
CITY'S WILD THINGS, KATHRYN P.
STEARNS, KENNETH F. STEARNS,
RANDALL E. STEARNS, and
KRISTY TRUAX,

     Defendant.
_____/


## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Proposed Bill of Costs (Dkt. # 144) timely filed on May 9, 2012, Defendant's Objection (Dkt. # 178) filed on June 18, 2014, and Plaintiff's Response (Dkt. # 179) filed June 23, 2014.  The Court entered judgment in favor of the Plaintiff and against Defendant with respect to the ownership of the two White-Handed Gibbons and their medical records.  (Dkt. # 158).  At trial, the Court entered a directed verdict for the Defendant with respect to all other issues.  (Dkt. # 169 at 39-57).

1

## Taxable Costs

A prevailing party may seek an award of costs incurred under Federal Rule of Civil Procedure 54 and Local rule 4.18 (M.D. Fla.).  "A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793-794 (5th Cir. 1978)).  As the Plaintiff has prevailed on a portion of its breach of contract claim it is considered a prevailing party for the purposes of taxing costs.

Federal Rule of Civil Procedure 54 establishes a presumption that costs are to be awarded to the prevailing party, but vests the district court with discretion to deny or alter an award of costs. *See Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000).  The taxing of costs is further bound by the limits of 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  The following costs may be taxed under 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services.  Plaintiff seeks a total of $20,476.16 in costs.

1.  **Fees of the Clerk and Marshal**

Plaintiff seeks $350 in fees for the clerk and $405 in fees for service of summons and subpoenas.  As both are taxable under 28 U.S.C. § 1920, the Court will allow Plaintiff $350 for the fees for the clerk and $405 for fees for service of summons and subpoenas.

2.  **Fees of the Court Reporter for Transcripts**

Plaintiff seeks $3,073.88 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case.  These fees reflect Plaintiff's costs for taking and recording depositions.  (Dkt. # 144).  A district court may tax the costs of recording depositions when it was necessarily obtained for use in the case. *Watson v. Lake County*, 492 Fed. Appx. 991, 996 (11th Cir. 2012).  Depositions taken for use at trial, and then subsequently used trial in lieu of a witness's testimony are necessarily obtained.  Accordingly, the Court will allow Plaintiff $403.38 for costs associated with recording the depositions of Lowell Peters, Paul Zulker, Joshua Zulker, and Cheva Kittle.  But, the cost of the duplicate video recordings of these depositions, $490.50, are denied as unnecessarily obtained.

The Plaintiff also seeks $237.30 for transcripts from a hearing on June 23, 2010, a hearing on July 6, 2011, and the Bloome's divorce hearing.  To recover compensable costs under 28 U.S.C. § 1920, the prevailing party must adequately describe and document those costs. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).  Plaintiff provides no documentation regarding the relevance, or significance

3

of these transcripts.  Because the Court cannot determine whether these transcripts were necessarily obtained for use in the case, the $237.30 associated with them will not be taxed to the Defendant.

The remainder of the Plaintiff's costs for printed transcripts of depositions come from depositions of persons on the Defendant's witness list.  Transcripts for depositions of persons from the losing party's witness list are necessarily obtained for the purposes of taxing costs.  *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Accordingly, the Court will allow Plaintiff $1,942.70 for costs associated with the depositions of Kristy Truax, Randall Stearns, Kenneth Stearns, Robert Bloome, and Susan Williams.

**3.  Fees for Printing and Witnesses**

Plaintiff seeks $784.38 in fees for printing.  Printing necessarily obtained for use in the case is compensable under 28 U.S.C. § 1920.  *See Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009).  For a fee to be compensable the taxing party must provide adequate documentation and description regarding the necessity of the cost. *See Scelta*, 203 F. Supp. 2d at 1340.  Plaintiff's Proposed Bill of Costs contains no information to prove the printing's necessity.  As the Plaintiff did not provide any documentation showing that the printing was necessarily obtained for use in the case, those fees are denied.

Plaintiff also seeks $9,502.07 in fees for witnesses.  Plaintiff's itemized list of witness costs includes twenty-five witnesses.  Several of those witnesses traveled from well outside

4

the 100 mile radius allowable for testimony at trial by deposition. *See* Fed. R. Civ. P. 32(a)(4)(B). Witness costs should be limited to 100 miles absent special circumstances. *Smith v. Board of School Com'rs of Mobile County*, 119 F.R.D. 440, 445 (S.D. Ala. 1988). Special circumstances include the relevance and necessity of the witness's testimony and the court approval prior to incurring the travel expense. *Id.*

Having reviewed the trial transcripts and the content of the witness's testimony, the Court finds the testimony at trial of Tom Tomisek, Greg Robertson, R. David Walker, and James Barberi and the $5,041.85 associated with their attendance to be unnecessary. Plaintiff could have presented identical testimony, and significantly reduced witness costs, by using deposition transcripts at trial for these witnesses. Accordingly, the $5,041.85 in costs associated with Tom Tomisek, Greg Robertson, R. David Walker, and James Barberi are denied.

After considering the complaint and trial transcript, the Court finds the attendance and testimony of witnesses Charles Hurd, Susan Williams, April White, and Lowell Peters to be relevant and necessary. Thus, the Court will allow Plaintiff $3,188.22 for costs associated with their attendance and testimony, as well as the $680.00 in single day attendance costs for the seventeen other witnesses listed on Plaintiff's Proposed Bill of Costs.

### 4. Fees for Exemplification and Copies

Plaintiff seeks $394.86 in fees for exemplification and making of copies necessarily obtained for use in the case. Exemplification and necessarily obtained copy fees are

compensable under 28 U.S.C. § 1920, but the Plaintiff provides minimal documentation regarding the necessity of the copies. For a fee to be compensable the taxing party must provide adequate documentation and description. *Scelta*, 203 F. Supp. 2d at 1340. The Plaintiff offered only three acronyms, FWC, DOC, and DOA, and dollar amounts for each in its description and documentation of copy costs. This description does not adequately show that these copies were necessarily obtained for use in the case. Accordingly, Plaintiffs fees for exemplification and copies are denied.

## 5. Docket Fees

Plaintiff does not seek docket fees.

## 6. Fees for Court Appointed Experts and Interpreter Services

Plaintiff does not seek fees for court appointed experts or interpreters.

## 7. Other Costs

Plaintiff seeks $1,385.00 in fees for mediation services. Mediation costs are not listed under 28 U.S.C. § 1920, and are not compensable. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007). Thus Plaintiff's costs for mediation services are denied.

Plaintiff also seeks $168.04 for veterinary records retrieval. Again, cost for private records retrieval are not listed under 28 U.S.C. § 1920, and are not compensable. Plaintiff's request for costs associated with the retrieval of veterinary records are denied.

Finally, Plaintiff seeks $4,412.93 in costs associated with the revocation of corporate dissolution in Alabama.  Taxable costs are bound by the limits of 28 U.S.C. § 1920. *Crawford*, 482 U.S. at 445.  As the costs associated with the revocation of a corporate dissolution are not listed in 28 U.S.C. § 1920, they are not recoverable under Federal Rule of Civil Procedure 54.  Thus, the $4.412.93 in costs associated with the revocation of corporate dissolution are denied.

### Total Award of Costs

The Court finds that the Plaintiff has proffered $6,969.30 in taxable costs.  The Court, in an exercise of discretion, will reduce the amount awarded to the Plaintiff by 50%.  Thus, the Plaintiff is awarded a total of $3,484.65 in costs.  In deciding to reduce the Plaintiff's total award, the Court found the Plaintiff's failure to prevail on four of its five claims, and only minimally receiving what it sought in the fifth claim particularly relevant.  The Court considered denying all costs because of the Plaintiff's negligible success.  The protracted nature of the proceedings, and the Plaintiff's refusal to accept reasonable settlement offers (the Court itself, prior to trial, recommended the Plaintiff settle the case receiving the two Gibbons and leaving everything else with the Defendant – essentially the trial's end result) also contributed to the Courts decision to reduce the Plaintiff's cost award by 50%.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's Proposed Bill of Costs (Dkt. #144) is **GRANTED** in part and **DENIED** in part.

2.      The **Clerk of Court** is directed to enter a judgment in Plaintiff's favor and

against Defendant STEARNS ZOOLOGICAL RESCUE & REHAB

CENTER, INC. for taxable costs in the amount of $3,484.65.

DONE AND ORDERED at Tampa, Florida on this 11th day of July, 2014.


_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

ML:si

S:\Odd\2009\09-cv-2301 bocosts 144.docx

8